|2CRAIN, Judge.
Plaintiff, Michelle Watkins, appeals devolu-tively from a declaratory judgment rendered in favor of State Farm Mutual Insurance Co. (State Farm). We affirm the trial court judgment.
The facts are not in dispute. On November 21, 1989, plaintiff sustained injuries when the vehicle she was operating became involved in an automobile accident with a vehicle operated by Robert Barrett. At the time, plaintiff, Ms. Watkins, had medical payments coverage with her liability insurer, State Farm. The “Medical Expenses” provision of the policy contained the following pertinent language:
We will pay reasonable medical expenses, for bodily injury caused by accident, for services furnished within three years of the date of the accident ... The bodily injury must be discovered and treated within one year of the date of the accident.
On May 5, 1992, plaintiff settled her claim against Robert Barrett and State Farm.[1] The release contained the following language regarding medical payments under plaintiffs policy:
Appearer specifically reserves all her rights, under the medical payments provisions of policy number: 5630-079-18A.
On September 6, 1991, Louisiana Revised Statutes, Title 22, Section 636.7 became effective. It reads as follows:
A policy of automobile liability insurance which provides for medical payments coverage shall not limit the time period during which the insured is entitled to payment or reimbursement for medical expenses incurred as a result of injuries caused by a covered accident when the injuries are diagnosed within one' year of the accident and are reported to the insurer within three years of the accident.
Defendant advised plaintiff that her medical payments coverage expired on November 21, 1992. Plaintiff, whose medical treatment was ongoing, filed one of her claims for payment on January 21, 1993, and was advised on January 28, 1993 that the expenses would not be honored by the defendant.
On March 22, 1993, plaintiff filed the instant petition for declaratory judgment. Defendant answered the petition on April 14, 181993. The matter was heard on June 26, 1993. Judgment was signed August 6, 1993, in favor of defendant, State Farm, and against plaintiff Michelle Watkins, dismissing her suit. This appeal followed.
The sole issue for our review is whether the trial court erred in concluding that the statutory enactment did not extend the plaintiffs medical payments period beyond the *434 three years specified in the contract. La. R.S. 22:636.7.
In finding that the plaintiffs medical payments were terminated three years from the date of the accident (i.e., November 21,1992) the trial judge reasoned as follows:
BY THE COURT:
I think, Mr. Wilson, that perhaps you could have contracted in your compromise. The language is ambiguous. It’s very ambiguous in that it specifically reserves all her rights, and I disagree with Mr. Janney that the effective date is the date of the accident. I think it’s the date of the signing of the contract — even goes back before that. If you look at Block Versus Reliance Insurance, it’s pretty much on point. And since I feel that that is the controlling date, the judgment is in favor of State Farm.
On appeal, plaintiff contends that the trial court erred. She reasons that a provision in • her policy made the policy conform to the law existing at the time she signed her release. The policy provision reads as follows:
6. Terms of Policy Conformed to Statute If any terms of this policy are in conflict with the statutes of Louisiana, they are amended to conform to these statutes.
She concludes that since her policy’s three year restriction on medical payments conflicted with the state statute that placed no time limit on these payments, that statute was incorporated into the terms of her policy. La.R.S. 22:636.7. We disagree.
We are guided by the decision in Block v. Reliance Insurance Co., 433 So.2d 1040 (La. 1983), in reaching this conclusion. In Block, the contract of insurance was confected before the enactment of the “anti-stacking” amendment to the codal provision regarding uninsured motorist coverage. La.R.S. 22:1406(D). The subject ^accidents occurred after the enactment of the amendment. In deciding that the law applicable to these accidents was that which existed at the time the contract was executed, the Supreme Court in Block, 433 So.2d at 1044, reasoned:
Article 1, Section 23 of the Louisiana Constitution prohibits the legislature from enacting any law which impairs the obligation of a contract. Where the statute in question was not in effect at the time of contracting, it cannot be retroactively applied to alter the obligations of that contract, even though the act giving rise to the obligation occurs after the effective date of the statute. ‘A law can prescribe only for the future; it can have no retrospective operation, nor can it impair the obligation of contracts.’ C.C. 8.
Contrary to plaintiff’s assertion, the time the insurance policy was executed, and not the time the release occurred, is the critical event.
At the time of the present policy’s issuance, there was no provision which prevented an insurer from limiting the time period for which it would be liable for medical payments resulting from an automobile accident. The provision was not in conflict with any statutory law or public policy. Block, 433 So.2d at 1044. The subsequent enactment of Louisiana Revised Statute Title 22 Section 636.7 did not change the position of these parties. This argument lacks merit.
Plaintiff next argues that this statute is applicable to her because, on December 15, 1991, she renewed her liability insurance policy and at that time Louisiana Revised Statute Title 22 Section 636.7 was in effect and became incorporated into her policy by virtue of the language of incorporation contained in “condition 6” of her policy.
It is not only the date of the contract which is controlling. The rights and obligations under the contract are triggered by the occurrence of the accident. In this case the accident occurred on November 21,1989, and all rights and obligations were triggered as of that date. The three year limitation began to run at that time. The provisions of the renewed policy would not change these obligations, but would only affect coverage with regard to ^accidents occurring after the renewal date. Hence, this argument by plaintiff lacks merit.
For the reasons assigned, the judgment of the district court is affirmed at plaintiffs costs.
AFFIRMED.

. State Farm also insured the defendant, Robert Barrett. The release refers to the insurance poli-cíes of both plaintiff and defendant.